Before you get started, I just have a general question. We've got seven cases that are consolidated on appeal. In Ayemou, in the lead case, there was no motion to remand. The district judge sui sponte remanded the cases. In the other six, there was a motion to remand that was followed by the district court ordering remand in the same form as in the lead case. So my procedural clarifying question is, that's a potential mess, and how are we supposed to sort it out? Because it's a completely unaddressed question in any of the briefs. Thank you. Now, just sometime before you sit down, I would appreciate your insights. Your Honor, may it please the Court, my name is Mike Brim, and I represent the appellant at Dow Chemical Company, and I'm happy to start there, Your Honor. At the end of the will consider the issues before it today, in my case. Here's what happened. These seven cases were filed on September the 27th, 2006, in state court. That very same day, the same 664 or so plaintiffs filed an Alien Tort Claims Act in federal court in the Central District of California. Something with which we're also painfully familiar. Yes, Your Honor. On November the 3rd, Dow, my client, me, and Shell removed these seven cases to the Central District of California. The IMU case, the one that is docketed as 7060, was sui sponte remanded by Judge Anderson on November the 15th. The order was entered on November 17th. Judge Anderson then pulled the other six cases to him, to his court, to his docket, on November 22nd of 2006. The plaintiffs filed a motion to remand in those six cases on December the 1st. Judge Anderson, sui sponte, on December the 4th, executes an order, which is not entered for a few more days, sui sponte remanding the six cases, virtually identical order. He then, in the Abagninian case, which is the ATS case, issues a minute order denying those, denying the motions to remand as moot because he has already remanded the other six cases sui sponte. To hit Your Honor's question on the nose, in Judge Anderson's sui sponte remand of the other six cases, he in no way considered the motion to remand. He did exactly what he did in the earlier case, the IMU case. The seven cases are procedurally before this court, I would submit, in the identical posture. And that posture is that Judge Anderson impermissibly sui sponte remanded all seven cases for a procedural defect, that is, on the form defended rule. The plaintiffs don't contest that in your brief, Your Honor is correct. They do not, in their answering brief, ever suggest that there is anything, there is any problem with the cases being on slightly different tracks, and they don't seriously contest. I understand that, but of course the problem is that we have a sui sponte obligation to decide whether we've got jurisdiction to review the remand orders. And that's the thrust of my question, because even if I were to think that we do have jurisdiction to look through the label in the IMU case, it doesn't necessarily follow that we have jurisdiction to look through the label in other cases where the remand order followed on the heels of a motion to remand. I appreciate Your Honor, and I anticipated that there would be at least some discussion this morning on that very issue. Let's go back to first principles, at least first principles on these issues. This court in Kelton Arms v. Homestead has said that a district court may not sui sponte remand for a defective removal procedure. This court in Lively v. Wildoves just two years ago said that the form defended rule, the issue we're considering here, is procedural or non-jurisdictional. The only possible difference in the posture of IMU and the other six cases is that intervening motion to remand, which was never acted on, never considered by the district court. In fact, when you read the it is in any way considering that. The district court did the same impermissible act. It sui sponte remanded the other six cases for a defective removal procedure. That is precisely what Kelton Arms says it cannot do. And we submit that that is the end of the question. Now, Your Honor, I'm going to flip through my notes. But there is a case on not dissimilar facts that is not cited in our brief in a name that I can, it's out of the Second Circuit. It is a case called Mitskovsky, MITSKOVSKI v. Buffalo in Fort Erie Public Bridge Authority. And it is at 435 F. 3rd, 127. The facts address Your Honor's concern, I believe. What happened there was on June 22, 2004, the plaintiff filed, the case was removed on July 20, 2004. The plaintiff filed a motion to remand timely, alleging a procedural defect in removal and lack of subject matter jurisdiction. So we're at July 20th. What happened was on October 5, 2004, the district court remanded on a ground not raised in the motion to remand. It remanded on a ground for lack of compliance with a local rule requiring an index of all of the documents that were brought up with the removed case, that were filed as part of the removed case. The Second Circuit there, without much discussion, I mean, they went through and recognized that it was a ground not addressed in 1447C and therefore not barred by 1447D, and went on to consider the propriety of the district court's ruling regarding the necessity of that index, that is, the compliance with that local rule. So not only did the Second Circuit find that it had jurisdiction in a situation very close to this one, but also went on to consider the core issue, that is, did the district court appropriately remand for the removing party's failure to comply with that local rule. So I hope that that answers your question, or that is the clear excuse. There are... Well, yeah, I mean, of course, at the end of the day, the question is, how much beyond the label can we go? And it's a little tougher to get beyond the label in the other cases than it is in IMO. And they've become closer, arguably, to the Quackenbush line of cases than they are to Power Act's, let's say. I do agree with that, Your Honor. I think we're in this situation. Had Judge Anderson addressed that motion to remand, had he granted that motion to remand in those other six cases, I don't have much of an argument, and I know it. However, that's not what he did. Okay, well, I appreciate the insight, and then we'll get your insight on it when we get around to you. Thank you. Your Honor, we've almost concluded my argument there as a result. My argument is simply that under Kelton Arms and under Lively, Judge Anderson lacked the authority to remand any of these seven cases sua sponte for a defect in removal procedure. And at the end of that day, at a minimum, my client would request that the remand order be vacated and the case be remanded to the district court for further proceedings addressing... Another remand motion. Another remand motion. That's right, Your Honor. Now, that said, I would urge the court, though, that at least three other circuits, including the Second Circuit that I just, the Second Circuit in the case I just discussed, have gone farther. Now, I can tell you that they did go farther in situations very much like this when they found that they had appellate jurisdiction. Quite frankly, I can't give you an analytical framework for why they did what they did, but I can point you to all of those three cases, one of which is cited in our brief. In each case, the appellate court found that it had appellate jurisdiction because the order of remand was a lack of authority by the district court, much like we have here. In two of those cases, the case that I just discussed, Mitskovsky out of the Second Circuit, in a case that's cited in our brief, which I will call by the appellee's name, Nelson Mullins. It's a law firm because I cannot pronounce the appellant's name. The issues were procedural defects. In both of those cases, as we just discussed with Mitskovsky, the circuits went on to decide the merits of those procedural defects. The Nelson Mullins case, what had happened was the defendant had filed two motions to dismiss, the equivalent of a 12B motion of some kind, while still in state court, then removed the case a few days later. The district court, sua sponte, remanded the case, alleging waiver of the right to remove because they had litigated in the state court. There, the Eleventh Circuit not only found that waiver was procedural, so it had appellate jurisdiction, but it went on to find that what the defendant did by filing those motions to dismiss was not a waiver, that it reached the merits, much as we're asking this court to do here on the merits of our fraudulent joinder claim. In another case, a very recent case out of the Fourth Circuit, just last March, styled Ellenberg v. Spartan Motors, and the site is 519 F. 3rd, 192. It's the Fourth Circuit. The decision was issued on March 10, 2008. There, the court, sua sponte, remanded six days after the case was removed, alleging that the notice of removal failed to demonstrate the necessary $75,000 amount of controversy. When it went to the Eleventh Circuit, the Eleventh Circuit said, in what I find to be a confusing passage, we may review a conceptual antecedent ruling even if it was an essential precursor to a remand order that is itself unreviewable under 1447D. Now, someone much brighter than I wrote that because I can only begin to understand what the court meant by that. However, what they did do at that point in time was move forward, and they not only moved forward finding that the court lacked the authority to remand, but moved on and considered the district court's subject matter jurisdiction, even though the district court had not yet reached that issue. So in at least three instances, federal circuits have gone, once their appellate procedure had been properly invoked, had gone on to reach the merits of the issues before them, and in this Fourth Circuit case, the Spartan Motors case that I was just discussing, went on to reach an issue that the parties had not yet addressed, that the district court, most importantly, had not yet addressed. I'm not standing here urging the court to go that far, although it appears the plaintiffs may be. I'm suggesting to the court that the court does have appellate jurisdiction over all seven matters, that once its appellate jurisdiction has been properly invoked, that the court can go on and reach the merits of our allegation that the Dole defendants and Amvac Chemical Company, that is the forum defendants, were fraudulently joined in this case. And our evidence is really the only evidence before the district court in this record makes it clear that both Amvac and Dole were altogether strangers. The problem, of course, is just what you said, and that is that the only evidence is your evidence, and that is because the district court acted suesponding, and the plaintiff never had a crack at it. It is difficult to disagree with that, Your Honor. It is not only my client who we allege was prejudiced by the district court acting so promptly, but also the plaintiffs, as you acknowledge, were deprived of at least the opportunity to ask the district court for that discovery. None of us know, but the district court certainly could have, so the plaintiffs are potentially prejudiced as well. However, well, I think that that is where that lies. We do have the only evidence in the record. If the court chooses to go that far, then the forum defendants have been fraudulently joined, and the remedy that we would ask at that point is that the order of remand be vacated, and for particular findings, saying that those defendants have been properly joined, and that the result of that at the district court level would be subject matter jurisdiction based on diversity. Your Honor, I would reserve at least the rest of my time for rebuttal, if possible. Kagan. Shirley. Mr. Maskell. Your Honor, in Power-X, the Supreme Court stated, quote, when the district court relies upon a ground that is colorably characterized as subject matter jurisdiction, appellate review is barred by Section 1447D. I'm aware of this, of the Ninth Circuit's precedent that the local defendant rule is a procedural rule, but I think that language from Power-X requires perhaps revisitation and refinement of that concept. It would be one thing if a district court just remanded a case because it's a personal injury case and said, our dockets are overloaded. That's clearly nothing to do with subject matter jurisdiction. However, Judge Anderson here carefully reviewed the pleadings, the removal petition, and the facts, only one side of the facts, but the facts submitted by the that the California defendants had not established that they were fraudulently joined, such that diversity of citizenship did not exist and the court lacked subject matter jurisdiction. Well, I know he said the court lacked subject matter jurisdiction, but if you read his order, it's clear. You don't – there's no reason to get the fraudulent joinder but for the local defendant rule. Right. Right. So it's clear that he started off with the rule – with the local defendant rule, then dealt with the fraudulent joinder issue, and that's it. I mean, so he may have said he was ruling on subject matter jurisdiction, but all it takes is like a half – just an eyeball look to see that it's not colorably so. It was a defect in removal procedure, wasn't it? Well, I wouldn't necessarily agree with that, especially because the plaintiffs did object to jurisdiction, and once the plaintiffs object to jurisdiction, the local defendant rule no longer becomes discretionary, so to speak. At that point, it becomes, in essence, a rule of jurisdiction. I think that when the plaintiff objects to jurisdiction, at that point, in essence, the local defendant rule becomes a matter of jurisdiction rather than just procedure. The reason I say that is when you look at the cases analyzing the issue, all the cases which refer to it as procedural that we were able to find was where there was no objection. Well, when you're using the word objection, what you're really saying is when there's a motion to remand. Actually, I think in this case, in these cases – I hope I'm not misrepresenting the record, but I believe that we initially filed an objection to jurisdiction and a notice of intent to remand. I don't even know what that means. It was to put the court on notice that the plaintiffs did object and were going to be filing a motion to remand. And I think that that may address your concern about the anomalous situation of the IMU case from the other cases. I have to check the record carefully, but my recollection is that that was done. Is there a provision in the Federal Rules of Civil Procedure for filing an objection versus a motion as envisioned by the statute, 1440 – is it 1446, 47? No. I'm unaware of any, Your Honor. Then why would you file an objection with the district court saying, well, we objected to jurisdiction without a motion, without anything else? What does that leave the district court with as far as ruling on anything? The purpose is to inform the district court that a motion for remand is on the way to hopefully deter the court from acting sua sponte and so that the court can know that, in fact, there is an objection which is relevant to the analysis. But a motion under – you have 30 days to file a motion, isn't that correct? Yes. So what does an objection mean if you now did not want the court to rule sua sponte? Now you're saying it was a good deal they ruled sua sponte, but now – but you didn't want them to because you wanted to really contest the removal, which they really gave you advance notice of by way of the removal petition, right? We wanted to have our motion to remand be heard. Unfortunately, that never happened because we felt that the strongest and most clear ground was amounting controversy based upon the Abrego decision, which is identical to this case, these cases, but for the country involved. Can I raise another question? I'm sorry, because I come from a state – and I know we're in California here – but the state that I come from, by rule of the superior court, you cannot make specific claims for damages. They're always sort of unknown, and you have to look at those to make the decision whether they would probably exceed $75,000 or more. So is that the case here, or were specific damages pled in your original complaint? Specific damages were not pled. We are forbidden in California from doing that. However, the Abrego case directly addresses this point. It was decided by the Ninth Circuit. The same chemical, the same injuries, the same types of complaints. The only difference was Nicaragua versus Ivory Coast. And that is, I think, the rub here that if, because of the technical issues, a reversal and remand to the district court were to be required, we have the Abrego decision, which is on all floors and would require the district court then just to grant the state court where they are proceeding with this. There's a whole DBCP litigation in state court regarding all these countries in the complex litigation department in Los Angeles Superior Court. Mr. Bremen, the same attorneys are there, the same attorneys who argued Abrego. I don't see that that would accomplish anything other than creating a lot of unnecessary confusion and delay. I'd also point out that PowerX indicates that where a judge has made, a district judge has made a substantive determination that it is not reviewable unless it is in a separate order. And his determination, that is, Judge Anderson's determination of the merits of the remand order. And according to PowerX, as I read it, that is simply not reviewable. And I think that's another point to be considered. And I think, lastly, I'd point out that this is not the usual kind of reviewable case where the plaintiffs are attempting to avoid federal jurisdiction. As Mr. Bremen pointed out, on the same day that these state courts were, complaints were filed, this very same plaintiffs filed the ATS action that we're soon going to be arguing to the court, invoking federal jurisdiction. So this is not a case where the plaintiffs wanted to stay out of federal court. They wanted to bring their ATS claim in federal court, but the state law claims appropriately in state court. I don't know what else to say. If there's any questions, I'll be happy to answer them. I don't think we have any more. Well, no, I just want to go back to, as a district judge, you know, getting these collateral notices from people that are not ground in the rules of what benefit is that to your client. It's nice to know that, that you object, but there's nothing in the rules to put me on notice that I have to take any action. I'm waiting for a motion from you. So why not file the motion? So, I mean, you said you think that that objection gives you notice with the district court, and I'm saying as a district court judge, I don't subscribe to that viewpoint. I understand, Your Honor. We were preparing the motion. We had it ready to file almost. The judge, his order beat us in that one case. He beat us to the punch. I guess I was just a little slow. That's not the first time I've been accused of that. So that's what happened here, unfortunately, and it creates this odd dichotomy between the one case and the six regarding the technical issue which Your Honor raised initially. Okay. Thank you. You're welcome. Thank you, Your Honor. I am compelled to address something that Mr. Metzger just said, the Antonio Abrego case. I can't hear you. Speak up a little bit. I'm sorry, Your Honor. I want to talk about the Antonio Abrego case, the case that Mr. Metzger says is identical to this one that's on all fours. I represented the Dow Chemical Company in that case. I removed that case. When it was sua sponte remanded by Judge Anderson with three other cases, I filed a petition for leave to appeal under the Class Action Fairness Act of 2005. When this court granted that motion, I briefed that case. I argued that case just down the hall before Judges McEwen, Berzon, and Judge King sitting by designation. I am painfully but thoroughly familiar with that case. That case is a CAFA case. The whole basis of the court's ruling on the amount of controversy on that case is because CAFA eliminated the one-year deadline for removal of diversity cases. I had a very spirited discussion with Judges McEwen and Berzon, either one of which would be more than a match for the poor lawyer who stands in front of them, but together on the same issue, I found that a tough road to hoe. The basis of that discussion and the basis of the opinion is that, as Judge McEwen said to me, what's the hurry? There's no hurry. You can always remove this case later, even more than a year later. The Antonio Abrego case is not on all fours with this case. It is not identical. It was decided under CAFA and CAFA alone. My last comment, Your Honors, is that Mr. Metzger made the argument that somehow upon filing of an injection, the forum defendant rule is converted to jurisdictional. That's not what this Court's decision in Lively says. That's not what all of the courts across the country, the circuits, have said. The forum defendant rule is procedural, and Judge Anderson erred in sua sponte remanding each and every one of these cases based on the forum defendant rule. Thank you. All right, thank you, Counsel. The matter just argued will be submitted, and we'll next hear argument from Mr. Metzger again.
judges: Hall, Rymer, McNamee